IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP EMIABATA, | ) | Case No. 1:17cv1859 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| v. | ) | |
| | ) | |
| PROGRESSIVE INSURANCE, *et al.*, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

**I.     Introduction**

This matter comes before the court[1] on the motion to dismiss for lack of personal jurisdiction filed by defendant P.A.M. Transport, Inc. ("P.A.M."). ECF Doc. 14. Because Ohio's long-arm statute does not confer personal jurisdiction over P.A.M. Transport, Inc. in this court, its motion to dismiss for lack of jurisdiction must be GRANTED.

**II.     Facts**

Plaintiff, Philip Emiabata, ("Emiabata") owns a commercial tractor that was damaged while parked at a gas station in Kentucky on May 11, 2016. ECF Doc. 1, ¶¶ 1, 6, 7. Emiabata did not witness the accident and the tortfeasor left the scene without taking responsibility for his or her actions. ECF Doc. 1, ¶ 8. However, a witness saw P.A.M. Transportation truck number 34776 leaving the scene of the accident. Id. Emiabata contacted P.A.M., an Arkansas

---

[1] The parties have consented to my jurisdiction. ECF Doc. 19.

Corporation,[2] and demanded compensation for the damages to his tractor. ECF Doc. 1, ¶¶ 3, 9. He also submitted a claim to Progressive Insurance for the damages to his tractor. ECF Doc. 1, ¶¶ 9, 10. Emiabata brings this action against both P.A.M. Transportation and Progressive Insurance seeking recovery for the damages to his commercial tractor. ECF Doc. 1.

Emiabata alleges that P.A.M. Transportation is "a Corporate defendant is Arkansas Corporation. That maintains it principal place of business in Ohio State. Where it has its headquarters, and where it engages in extensive Transportation business." ECF 1, ¶ 3.

## III. Standard of Review

Federal courts "sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state[3] would be authorized to do so by state law – and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants v. Euroglas S.A.,* 107 F.3d 386, 391 (6th Cir. 1997) (citation omitted). Deciding whether jurisdiction exists is not an idle or perfunctory inquiry; due process demands that parties have sufficient contacts with the forum state so that it is fair to subject them to jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ("[T]he Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." (Internal quotation marks and citations omitted)). The court's jurisdiction accordingly extends only to those parties who have in some fashion placed themselves in the hands of the tribunal. *See, e.g.*, *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 150 (6th Cir. 1997) ("To be

---

[2] P.A.M. submitted an affidavit showing that P.A.M. is an Arkansas corporation with its principal place of business in Arkansas. ECF Doc. 26, ¶¶ 4&5.
[3] Ohio is the "forum state" in this action.

subject to in personam jurisdiction . . . a defendant must purposefully avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (internal quotation marks and citation omitted) (alteration in the original)). Practically speaking, plaintiffs always concede personal jurisdiction, so the inquiry is typically restricted to defendants; because defendants who reside in the forum state will always be subject to the personal jurisdiction of the court, the inquiry is in most cases further restricted to non-resident defendants. *Conn v. Zakharov,* 667 F.3d 705, 711 (6th Cir. 2012).

Presented with a motion to dismiss for lack of personal jurisdiction and opposition thereto, "a court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The court has discretion to decide which method it will follow. Id. However the court handles the motion, the plaintiff always bears the burden of establishing that jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989). If the defendant supports his motion to dismiss with affidavits, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen*, 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 930 (6th Cir. 1974).

Here, the court found that neither P.A.M. nor Emiabata had supported their initial memoranda concerning P.A.M.'s motion to dismiss with affidavits. In an order issued on January 29, 2018, the court required the parties to file affidavits supporting the factual statements made in P.A.M.'s motion to dismiss (ECF Doc. 14) and Emiabata's opposition. (ECF Doc. 21) Having now reviewed the affidavits, (ECF Docs. 26 & 27) the court finds it unnecessary to

conduct an evidentiary hearing, and the court will decide P.A.M.'s motion on the affidavits alone.

**IV.     Law & Analysis**

Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Due Process Clause of the U.S. Constitution.  See *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St. 3d 81, 2010-Ohio-2551, 930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen,* 70 Ohio St. 3d 232, 1994-Ohio-229, 638 N.E.2d 541, 543 (Ohio 1994).  Ohio's long-arm statute is more restrictive than what has been found permissible under the due process clause in the U.S. Constitution.  U.S. Const. amend. V.  The analysis of Ohio's long-arm statute involves a particularized inquiry wholly separate from the analysis of federal due process law.  *Conn,* 667 F.3d at 712.  Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if his conduct falls within the nine grounds for asserting jurisdiction listed in the statute.  *See* Ohio Rev. Code Ann. § 2307.382(A), (C) (1988).  Id.  The statute makes clear that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against" the non-resident defendant.  Ohio Rev. Code Ann. § 2307.382(C).  If plaintiff fails to identify at least one of the grounds for claiming personal jurisdiction under Ohio's long-arm statute, the court is not required to also evaluate whether an assertion of personal jurisdiction over the defendant satisfies the U.S. Constitution's due process requirements.  *Dupee v. Playtika Santa Monica,* 2016 U.S. Dist. LEXIS 25026, *14 (N.D. Ohio 2016).

> Ohio's Long-Arm Statute, Ohio Rev. Code Ann. § 2308.382 (A), provides:
>
> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

4

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Here, the alleged cause of action against P.A.M. arose from tortious injury to Emiabata's personal property in Kentucky. Because Ohio Rev. Code Ann. § 2307.382 states that the cause of action must "arise from" the acts listed in the statute, only those paragraphs involving tortious injury could apply to this case. For example, personal jurisdiction would not exist under paragraph (A)(1) because, even if P.A.M. transacts business in this state, Emiabata's alleged

5

cause of action did not arise from P.A.M. transacting business here.[4] Rather, it arose from P.A.M.'s employee or agent allegedly damaging Emiabata's parked truck, i.e. a tortious injury. ECF Doc. 1. For personal jurisdiction to exist because of tortious injury, Ohio's long-arm statute requires that either: (i) defendant's actions that caused the tortious injury or (ii) the resulting tortious injury itself must have occurred in Ohio. *See* Ohio Rev. Code Ann. § 2307.382 (A)(3), (4), (6), and (7). Neither of those things happened in this state. Here, P.A.M.'s allegedly tortious action and the resulting injury both occurred in Kentucky. ECF Doc. 1, ¶7. Thus, Ohio's long arm statute does not confer personal jurisdiction over P.A.M. in a federal court in this state. That conclusion ends the analysis of personal jurisdiction over P.A.M. in this case; P.A.M. cannot be sued for damaging Emiabata's truck in this state.

Emiabata may re-file his cause of action against P.A.M. in a court permitted to exercise personal jurisdiction over P.A.M.[5] Because Emiabata's tractor was allegedly damaged in Kentucky, Kentucky would most likely have jurisdiction over P.A.M. for this cause of action. However, other jurisdictions may also be proper.

**IV. Conclusion**

Because the court lacks personal jurisdiction over P.A.M. Transport, Inc., its motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), ECF Doc. 14, is GRANTED.

---

[4] Emiabata has attempted to show that P.A.M. does business in Ohio and has places of business in Ohio. ECF Doc. 27, ¶¶ 4, and 7. These facts are not in dispute. ECF Doc. 26, ¶7. While these facts would be relevant in determining whether due process permitted the court to exercise personal jurisdiction over P.A.M., they do not satisfy Ohio's long arm statute which requires that the cause of action arise out of conduct or damages that occur in Ohio.

[5] 28 U.S.C. § 1406 permits this court, in the interest of justice, to transfer Emiabata's case to any district or division in which it could have been brought. Here, Emiabata has not requested that the court transfer his case; his claims against Progressive will remain pending in this court; most statute of limitations, including those of Kentucky (K.R.C. § 304.39-230), would not bar the re-filing of his claim arising out of damages that occurred in May 2016; and Emiabata may be able to re-file his claim in multiple jurisdictions. For these reasons, justice does not require the court to transfer Emiabata's claim against P.A.M. to a proper jurisdiction.

Emiabata's claim against Progressive Insurance will remain pending in this court, and the schedule set forth in Judge Solomon Oliver's minute order, ECF Doc. 19, is CONFIRMED.

Dated: February 21, 2018

Thomas M. Parker
United States Magistrate Judge