IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILIP EMIABATA, | ) Case No. 1:17cv1859 |
| | ) |
| Plaintiff, | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| v. | ) |
| | ) |
| PROGRESSIVE INSURANCE, *et al.,* | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |
| | ) |

**I.     Introduction**

This matter comes before the court[1] on the following motions:

1) Motion to Dismiss for lack of jurisdiction filed by Defendant Progressive County Mutual Ins. Co. ("Progressive.")  ECF Doc. 29;

2) Motion to Strike or Motion to Dismiss Plaintiff's First Amended Complaint.  ECF Doc. 32; and

3) Plaintiff Philip Emiabata's Motion for leave to file Amended Complaint.  ECF Doc. 33)

Because both Progressive and Emiabata were Texas citizens when this lawsuit was filed, the court lacks subject matter jurisdiction over the case and defendant's motion to dismiss for lack of jurisdiction (ECF Doc. 29) must be GRANTED.  And, because it would be futile to permit Emiabata to file his proposed amended complaint, the court must GRANT Progressive's motion to strike (ECF Doc. 32) and DENY Emiabata's motion for leave.  ECF Doc. 33

---

[1] The parties have consented to my jurisdiction.  ECF Doc. 19.

## II.     Relevant Facts

Plaintiff, Philip Emiabata, owns a commercial tractor that was damaged while parked at a gas station in Kentucky on May 11, 2016. ECF Doc. 1, ¶¶ 1, 6, 7. Emiabata did not witness the accident and the tortfeasor left the scene without taking responsibility for his or her actions. ECF Doc. 1, ¶ 8. However, a witness saw P.A.M. Transportation truck number 34776 leaving the scene of the accident. *Id*. Emiabata submitted a claim to Progressive Insurance for the damages to his tractor. ECF Doc. 1, ¶¶ 9, 10.

Emiabata filed this lawsuit against P.A.M. Transportation ("PAM") and Progressive. On February 21, 2018, the court granted PAM's 12(B)(2) motion to dismiss. ECF Doc. 28. Emiabata's remaining claims seek recovery related to the insurance policy issued by Progressive. ECF Doc. 1. Emiabata alleges that Progressive is an Ohio corporation "[t]hat [m]aintains its principal place of business in Ohio." ECF Doc. 1, ¶2. He initially alleged that he was a Texas resident (ECF Doc. 1) but now alleges that he resides in Connecticut. ECF Doc. 31. Progressive argues that diversity jurisdiction does not exist and that this court lacks subject matter jurisdiction. ECF Doc. 29.

## III.    Relevant Procedural History

Progressive filed its 12(B)(1) motion to dismiss on May 1, 2018. ECF Doc. 29. On May 22, 2018, Emiabata filed, without leave, a first amended complaint. ECF Doc. 31. On June 5, 2018, Progressive moved to strike or dismiss plaintiff's first amended complaint because he had not obtained leave and because his amended complaint would not alter the fact that the court lacks jurisdiction. ECF Doc. 32. In response, Emiabata moved for leave to amend his complaint. ECF Doc. 33. Emiabata opposed Progressive's motion to dismiss. ECF Doc. 35.

On July 13, 2018, Progressive filed a timely reply in support of its motion to strike and motion to dismiss. ECF Doc. 38.

**IV.    12(B)(1) Motion to Dismiss**

The United States Constitution provides that federal courts may be given jurisdiction over "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority,--… to Controversies between two or more States;--between a State and citizens of another State;--between Citizens of different States…" U.S. Const. art. III § 2, cl. 1. From this Constitutional authority, Congress has granted federal courts two bases of jurisdiction: federal question jurisdiction and diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Emiabata's complaint raises no federal questions. Thus, if this court has jurisdiction, it could only be based on diversity of citizenship between the parties. And Emiabata, the party invoking federal court jurisdiction, bears the burden to demonstrate that diversity exists. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 559 (6th Cir. 2010).

A Rule 12(b)(1) motion to dismiss may attack a claim of jurisdiction "on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros.,* 410 F.3d 879, 881 (6th Cir. 2005). A facial attack questions the pleading's sufficiency. *McKinney v. Bayer Corp.,* 744 F. Supp. 2d 733, 742 (N.D. Ohio 2010). If there is "a facial attack, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." *United States v. Ritchie,* 15 F. 3d 592, 598 (6th Cir. 1994).

In contrast, a factual attack challenges the "factual existence of subject matter jurisdiction." *Id.* Rather than construing allegations in favor of the nonmoving party, "the Court

3

weighs evidence to determine whether subject matter exists . . . the Court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary." *McKinney,* 744 F. Supp. 2d at 742 (citing *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)).

Progressive attacks the factual existence of diversity jurisdiction in this case. Both parties have submitted declarations related to the jurisdictional issue. After considering this evidence, the court finds that it is unnecessary to conduct an evidentiary hearing in this case. Emiabata has failed to demonstrate that diversity jurisdiction exists. Nor has he explained how an evidentiary hearing might cast a different light on the submitted factual material.

28 U.S.C. § 1332(a) gives district courts jurisdiction over matters in controversy exceeding $75,000 between citizens of different States. Emiabata's complaint alleges that he is a citizen of the State of Texas. ECF Doc. 1, at Page ID#1. When a party invokes diversity jurisdiction, "complete diversity must exist between the parties at the time the complaint is filed." *Napletana v. Hillsdale College,* 385 F.2d 871, 872 (6th Cir. 1967); 28 U.S.C. §1332. In other words, a plaintiff cannot be a citizen of the same state as any defendant. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005); 28 U.S.C. §1332. And, when deciding subject matter jurisdiction, diversity "is determined as of the time of the filing of the lawsuit." *Farmer v. Fisher,* 386 F. App'x 554, 557 (6th Cir. 2010).

Emiabata's amended complaint, filed without leave, alleges that he is now a Connecticut citizen because he moved there for a new job. ECF Doc. 31, ¶1. Emiabata submits no evidence establishing his Connecticut residence. He has not provided a new address to the clerk's office for this case and, when he recently filed a related lawsuit the Western District of Kentucky, he

listed his Texas address.  ECF Doc. 38-3 at Page ID# 294.  Moreover, even if Emiabata is now a citizen of Connecticut, he was a Texas citizen when his complaint was filed.  ECF Doc. 1, ¶1.

If Progressive is also a Texas citizen, diversity did not exist when Emiabata filed his complaint and the court lacks jurisdiction.  For purposes of diversity jurisdiction, a corporation can be a citizen of two states: (1) the state in which it is incorporated, and (2) the state in which it has its principal place of business.  28 U.S.C. § 1332(c); *Gafford v. General Elec. Co.,* 997 F.2d 150, 161 (6th Cir. 1993).  Thus, if Progressive is incorporated in Texas *or* has its principal place of business there, the parties cannot be considered citizens of different states.  *Id.*

In support of its motion to dismiss, Progressive submits two declarations pursuant to 28 U.S.C. § 1746.  Progressive also submits a copy of the insurance policy issued to Emiabata.  The insurance policy shows that the insurance company is "Progressive County Mutual Ins. Co."  ECF Doc. 29-2 at Page ID# 205.  The declaration of Michael Uth states, in relevant part, that "Progressive County Mutual Insurance Company is a county mutual insurance company organized under the laws of the state of Texas."  ECF Doc. 29-1 at Page ID# 202.

Emiabata asserts that defendant "maintains its principal place of business in Ohio." ECF Doc. 1, ¶2.  In Emiabata's amended complaint, he states that defendant has its headquarters in Ohio, at 6300 Wilson Mills Rd., Mayfield Village, OH 44143. ECF Doc. 31.  In the declaration attached to his opposition to the motion to dismiss, Emiabata states his belief that Progressive Mutual Insurance Company is an Ohio company.  ECF Doc. 35-1 at Page ID# 260-261.  However, even if Progressive is an Ohio corporation, it can have two places of citizenship under 28 U.S.C. §1332(c)(1).  Thus, the fact that it is an Ohio citizen is irrelevant if it is also a Texas citizen.  If Progressive is also a Texas citizen, there is not complete diversity between the parties.

5

Emiabata's opposition memorandum asserts several misplaced arguments. He argues that his claims are sufficiently stated. He asserts that the court's jurisdiction and the merits of his action are intertwined, so that defendant's motion should be denied. He cites *Rose v. Giamatti* arguing that the court may ignore nominal parties that destroy diversity. ECF Doc. 35, Page ID# 255; *Rose v. Giamatti*, 721 F. Supp. 906 (S.D. OH 1989). None of these arguments relates directly to the issue before the court – whether diversity exists between Progressive and Emiabata.

The submitted evidence shows that Progressive County Mutual Insurance Company, Emiabata's insurer, is incorporated in Texas. ECF Doc. 29-1 at Page ID# 202. At the time he filed suit, Emiabata was a citizen of Texas. ECF Doc. 1 at Page ID# 1. He continues to list this address as his current residence. ECF Doc. 38-3 at Page ID# 294. Because both of the parties are Texas citizens, Emiabata has failed to meet his burden of showing diversity of citizenship and subject matter jurisdiction. And, because the court lacks subject matter jurisdiction, this case must be dismissed.

**V.      Motion for Leave to Amend**

On May 22, 2018, Emiabata filed a first amended complaint. ECF Doc. 31. Progressive moved to strike or dismiss the first amended complaint because Emiabata had not moved for leave as required by Fed. R. Civ. Proc. 15(a)(1)(B) and because the proposed amendments would not change the jurisdictional issue. ECF Doc. 32.

On June 8, 2018, Emiabata filed a motion for leave to file an amended complaint. ECF Doc. 33. He attached his first and second amended complaints to this filing. In his amended complaints, Emiabata adds additional defendants and claims based on the possibility of a principal/agency relationship between Progressive and the new defendants. Unfortunately, even

if this court were to allow the amendments, the submitted evidence plainly shows that Emiabata resided in Texas and that Progressive County Mutual Insurance Company is incorporated in Texas. Thus, even with the amendments, the parties are not diverse and this court would lack subject matter jurisdiction.

Fed. R. Civ. P. 15 provides that leave to amend should be freely given. But, if a proposed amendment would not survive a motion to dismiss, it is futile. *Riverview Health Inst., LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). Because diversity is determined at the time the lawsuit is filed and because the parties were not citizens of different states at that time, the proposed changes in the amended complaint(s) would be futile. For this reason, Progressive's motion to strike plaintiff's first amended complaint (ECF Doc. 32) must be GRANTED and Emiabata's motion for leave to file an amended complaint (ECF Doc. 33) must be DENIED.

## VI. Conclusion

Because the court lacks subject matter jurisdiction, Progressive's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF Doc. 29) is GRANTED. Because Emiabata's proposed amendments would be futile, the court GRANTS Progressive's motion to strike (ECF Doc. 32) and DENIES Emiabata's motion for leave. ECF Doc. 33.

IT IS SO ORDERED.

Dated: August 8, 2018

Thomas M. Parker
United States Magistrate Judge